UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

DEC − 9 2016

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,          )
                               )
v.                             )      Case No. 1:16-cv-00554 (TSE/IDD)
                               )
ROBERT STEVEN RICHARDSON,      )
                               )
            Defendant.          )
_____ )

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant Robert Steven Richardson ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 8.) After neither Defendant nor a licensed attorney for Defendant appeared at the hearing on September 2, 2016, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Entry of Default Judgment, and the supporting documents, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

## I.     INTRODUCTION

Plaintiff, United States of America ("Plaintiff"), filed the Complaint on May 18, 2016 to collect unpaid federal income taxes assessed against Defendant for the years 2002, 2004, 2006, 2008, 2009, 2010, and 2011. (Compl. at 1.) Plaintiff has moved for default judgment against Defendant and seeks damages in the amount of $1,286,008.13 as of May 23, 2016, plus statutory additions to tax accruing until paid. (Compl. ¶ A.)

1

### A.     Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

This Court has original jurisdiction over all civil actions arising under the Constitution, any civil action expressly authorized by Act of Congress, as well as any civil action arising under any Act of Congress providing for internal revenue. 28 U.S.C. §§ 1331, 1340, 1345; 26 U.S.C. § 7402(a). Therefore, this Court has subject matter jurisdiction. This Court has personal jurisdiction over Defendant because he resides in Virginia and was personally served in Virginia. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396.

### B.     Service of Process

For a court to have personal jurisdiction over a defendant for the purpose of entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (stating that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249–51 (4th Cir. 1974) (reversing the district court's entry of default judgment because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint). The Federal Rules of Civil Procedure provide the manner in which service must occur.

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows

service by "delivering a copy of the summons and of the complaint to the individual personally [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(A)–(B). On June 2, 2016, a certified process server served Defendant by personally serving him with the Summons and Complaint at Defendant's place of residence. (Dkt. No. 5.) Therefore, Plaintiff properly served Defendant pursuant to Rule 4(e).

### C.    Grounds for Default

On May 18, 2016, Plaintiff filed its Complaint against Defendant seeking unpaid federal income taxes and statutory additions to tax accruing and continuing until paid. (Dkt. No. 1.) A certified process server served Defendant on June 2, 2016. (Dkt. No. 5.) On July 13, 2016, after Defendant failed to respond, the Clerk of Court entered default against Defendant. (Dkt. No. 7.) On July 21, 2016, Plaintiff filed the pending Motion for Default Judgment. (Dkt. No. 8.) This Court held a hearing on the Motion on September 2, 2016. (Dkt. No. 12.) After Defendant failed to appear at the September 2, 2016 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II.    EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an

3

absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186,193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III.    FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is the United States of America. (Compl. ¶ 3.) Defendant is a resident of Virginia who failed to file Form 1040 federal income tax returns for the years 2002, 2004, 2006, 2008, 2009, 2010, and 2011. (Compl. ¶ 5.) The Internal Revenue Service ("IRS") filed Form 1040 returns pursuant to 26 U.S.C. § 6020(b). (*Id.*) Based on the Form 1040 returns and an examination of the returns filed by the IRS, a delegate of the Secretary of the Treasury of the United States made assessments against Defendant for federal income tax, and statutory additions to tax, for the years 2002, 2004, 2006, 2008, 2009, 2010, and 2011 as

follows:

| Tax Period Form 1040 | Date of Assessment | Unpaid Balance of Assessment as of 5/23/2016 | Accrued Interest (I) & Penalty(P) as of 5/23/2016 | Amount Due as of 5/23/2016 |
|---|---|---|---|---|
| 2002 | 6/05/2006 | $ 685,275.24 | $ 39,291.45 | $ 724,566.69 |
| 2004 | 7/02/2007 | $ 2,830.22 | $ 158.06 | $ 2,988.28 |
| 2006 | 6/22/2009 | $ 99,223.82 | $ 5,541.53 | $ 104,765.35 |
| 2008 | 5/25/2015 | $ 90,591.47 | $ 2,883.36 | $ 93,474.83 |
| 2009 | 5/25/2015 | $ 112,222.79 | $ 3,571.86 | $ 115,794.65 |
| 2010 | 5/25/2015 | $ 150,058.82 | $ 4,776.11 | $ 154,834.93 |
| 2011 | 5/25/2015 | $ 83,680.09 | $ 2,663.38 (I) $ 3,239.93 (P) | $ 89,583.40 |
| Total | | | | $ 1,286,008.13 |

(*Id.*) Defendant has been sent notice and demand for payment, which remains unpaid. (Compl. ¶ 6.) Plaintiff seeks $1,286,008.13 in unpaid federal income taxes as of May 23, 2016, plus statutory additions accruing until paid. (*Id.*)

The undersigned finds that Plaintiff has set forth sufficient factual matter to state a claim for relief that is plausible on its face and that Plaintiff has established Defendant's liability for unpaid federal income taxes with reasonable certainty.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends the entry of default judgment in favor of Plaintiff, United States of America, against Defendant Robert Steven Richardson. Plaintiff is entitled to unpaid federal income taxes in the amount of $1,286,008.13, plus statutory additions to tax accruing from May 23, 2016, and continuing until paid.

## V.   NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days**

**of service on you of this Report and Recommendation.  A failure to file timely objections to**

**this Report and Recommendation waives appellate review of the substance of the Report**

**and Recommendation and waives appellate review of a judgment based on this Report and**

**Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of

record and to the Registrant at the following address:

Robert Steven Richardson
3501 N. Valley Street
Arlington, Virginia 22207

                                               _____ /s/ _____
                                               Ivan D. Davis
                                               United States Magistrate Judge

December 9, 2016
Alexandria, Virginia